IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY W. BAKER,

      Plaintiff,                    No. CIV S-10-0640 EFB P

      vs.

T. FELKER, et al.,

      Defendants.               ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On December 22, 2010, the court ordered the U.S. Marshal to serve the amended complaint on defendants Felker and Wright. Dckt. No. 26. On March 4, 2011, plaintiff filed a motion for default judgment. Dckt. No. 28. Waivers of service for defendants Felker and Wright were executed on March 24 and April 4, 2011. Dckt. Nos. 29, 32. The requests for these waivers were sent on February 8, 2011. *See* Dckt. Nos. 29, 32. The defendants filed their answer on April 8, 2011. Dckt. No. 31.

      If a defendant has timely waived service, he or she must serve a responsive pleading within 60 days after the request for waiver was sent. Fed. R. Civ. P. 4(d)(3). Defendants filed their answer 56 days after the requests for waivers were sent. Therefore, defendants timely responded to the complaint and plaintiff's motion for default judgment is denied.

On April 15, 2011, plaintiff requested that his complaint be amended to name another defendant, J. Jesup, a counselor at San Quentin Prison. On April 27, 2011, plaintiff filed another motion to amend the complaint and add defendants, stating that he would like to include appeals coordinators L. Rohas and A. Kemp and classification staff representative Nergenah as defendants. The court previously found that, for the purposes of initial screening, plaintiff's complaint stated a cognizable claim against the counselor and the appeals coordinator. Plaintiff's original complaint did not contain claims against a classification staff representative, but this defect could be cured in an amended complaint.

However, in order to proceed against these defendants, plaintiff must comply with Local Rule 220 and file an amended complaint that is complete in itself without reference to his first complaint. *See* L.R. 220 ("Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.").

Accordingly, it is hereby ORDERED:

1. Plaintiff's motion for default judgment is denied; and

2. Plaintiff's motions to add a defendant's name and to amend the complaint are denied without prejudice, as plaintiff has not yet filed an amended complaint that complies with L.R. 220. Within 30 days of the date of this order, plaintiff may file an amended complaint that is complete in itself containing the names of all defendants in this action as well as factual allegations against them.

DATED: June 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE